[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is a habeas matter. The petitioner, Albert Eaddy, filed his petition, alleging ineffective assistance of counsel, on January 15, 1997. His amended petition was filed on April 27, 1998 and a hearing on the petition was held on December 22, 1998, at which both parties appeared and were represented by counsel.
 II
The petitioner is currently serving a federal sentence in a CT Page 3447 federal correctional institution. He claims that prior state criminal convictions are improperly being used to enhance his federal sentence.
These state convictions include the following:
On February 1, 1981, the petitioner was arrested for armed robbery in the first degree, and on April, 1982, pursuant to a plea, he received a sentence of ten years, suspended after four years, with three years probation (New Haven Judicial District, No. CR6-192099*). On February 2, 1981, the petitioner was arrested, charged with armed robbery in the first degree, and on April 2, 1982, pursuant to plea, he was sentenced to a term of ten years, suspended after four years, with four years probation, this sentence to run concurrent with his prior sentence (also NHJD No. CR6-192099*). On December 19, 1983, the petitioner was arrested on a charge of assault in the first degree, and on June 29, 1984, pursuant to plea, he was sentenced a term of four years, with two years probation (NHJD No. CR6-0267343*). On December 8, 1986, the petitioner was charged with robbery in the second degree. In June of 1987 he was sentenced to a term of ten years, suspended after seven years with three years probation (NHJD No. CR86-067343*). On July 10, 1990, the petitioner was charged with assault in the second degree, and on November 13, 1990 was sentenced to a term of one year (Windsor GA, No. CR90-80427*). On November 21, 1991, the petitioner was charged with armed robbery in the second degree, and on July 31, 1992 was sentenced to one year, suspended after six months, two months probation (NHJD No. CR91-0349401*). Testimony revealed that the petitioner faced additional state charges in 1996, while federal charges were pending.
 III
The petitioner claims his incarceration under the various state sentences was illegal, by virtue of ineffective assistance of counsel, in that said counsel never informed him that any future federal sentence could be enhanced due to his convictions in state court; that he was never informed of his right to appeal after his conviction following trial in 1986; further, that he was, at the time of the various pleas and sentencings, learning disabled, not able to read or write "and consequently was not able to understand the nature of the proceedings or the possible consequences of his guilty pleas and verdict." CT Page 3448
A habeas petitioner claiming a deprivation of his constitutional right to effective assistance of counsel has the burden of showing that (1) the performance of his counsel was "deficient" in that it was outside the range of reasonable, professional assistance of a competent criminal trial or appellate lawyer and (2) that the deficient performance "prejudiced' the petitioner such that there is a reasonable probability that, but for the deficient performance of counsel, the result of the proceeding would have been different, Strickland v. Washington,466 U.S. 668, 687-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
A criminal defendant, moreover, is entitled to adequate and effective assistance of counsel at all critical stages of legal proceedings, Id., at 686. Pretrial negotiation implicating the decision of whether to plead guilty is a critical stage in criminal proceedings, Colson v. Smith, 438 F.2d 1075, 1078 (5th Circuit, 1971). In Hill v. Lockhart, 474 U.S. 52, 57-8, The Supreme Court of the United States determined that the Strickland
test applied to claims arising from the plea negotiation process, while modifying the "prejudice" prong as applied to pleas. UnderHill a defendant is required to show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial", Id., at 59.
 IV
The burden is on the petitioner. The court finds that the petitioner has failed to establish, by a fair preponderance of the evidence, any of his claims. Admittedly, the task facing the petitioner was formidable. There was no expert testimony offered to assist the court in determining whether trial counsels' performance fell within the range of competence displayed by lawyers with ordinary training and skill in the criminal law, Johnson v.Commissioner, 36 Conn. App. 695, 703. Moreover, there was no record of prior proceedings for the court to review. It was represented by habeas counsel that transcripts of various relevant court proceedings had been destroyed and that court records were, for the most part, similarly unavailable. The petitioner recalled being represented by several attorneys on various occasions, including John Buckley, John Buckley, Jr., John Rosenthal, and Thomas Ullman, but was unable establish with any degree of precision which attorney represented him on which charge or set of charges.
Attorney Ullman testified that he'd known the petitioner for CT Page 3449 many years and had represented him on various occasions, most recently in 1996. It was Ullman's recollection that in 1996 the petitioner was facing both state and federal charges, stemming from the same incident or events. Ullman testified he believed the federal sentence was imposed prior to any state sentence stemming from the said incident or events. This appears to preclude the possibility of that federal sentence being enhanced by convictions imposed subsequent to the federal conviction. With regard to prior state convictions, the petitioner cited no statute or case law, requiring trial counsel to advise a client of the possible effect a conviction might have on a putative, future federal sentence for an offense not yet committed.
The petitioner also claims that, by reason of ineffective assistance of counsel, he was denied his right to appeal his conviction imposed in 1986. Again, there is nothing in the record to support this claim.
There is a strong presumption that trial or plea counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment, Stricklandv. Washington, supra, at 689-90. The petitioner has failed to overcome this presumption. The court finds that the petitioner has failed to establish, by a fair preponderance of the evidence, that his convictions were illegal, by reason of ineffective assistance of counsel.
The petitioner testified that certain charges, lodged against him in 1990 and 1992 were "vacated" by a Superior Court Judge in 1996, but appear in his file at the federal correctional institution where he is currently incarcerated. This court is without jurisdiction to entertain such claim.
 V.
The petitioner also claims that his various pleas were not made knowingly and voluntarily in that at the times of the relevant proceedings, he was learning disabled, illiterate and unable to understand the nature of the proceedings or the possible consequences of his guilty pleas and verdict. The petitioner so testified, but offered nothing in support of his claim. No expert testimony was offered as to the petitioner's mental state or level of comprehension, current or past. Illiteracy, per se, does not establish incompetence. The court finds that the petitioner has failed to establish, by a fair preponderance of the evidence, CT Page 3450 that his pleas and verdict were illegal in that his pleas and decision to proceed to trial were not made voluntarily and knowingly, by reason of his mental state at the time, and by reason of ineffective assistance of counsel.
 VI
Because the petitioner, Albert Eaddy, has failed to establish any of his claims by a fair preponderance of the evidence, the relief requested is denied and the petition is dismissed.
By the Court,
Downey, J.